IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:09-CR-14-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AL KENDALL SPENCER, ) | |
| ) | |
| Defendant. ) | |

On October 21, 2009, pursuant to a written plea agreement, Al Kendall Spencer ("Spencer") pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and 500 grams of cocaine. See [D.E. 1, 23]. On May 4, 2010, the court held Spencer's sentencing hearing. See [D.E. 33, 34]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Spencer's total offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 130 to 162 months' imprisonment. See Statement of Reasons. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spencer to 132 months' imprisonment. See id. [D.E. 34]. Spencer did not appeal.

On November 1, 2013, Spencer moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. See [D.E. 37]. On March 24, 2014, the court granted the motion and reduced Spencer's sentence to 122 months' imprisonment [D.E. 41].

On May 21, 2015, Spencer moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 44]. Spencer's new advisory guideline range is 120 months' imprisonment, based on a total offense level of 23 and

a criminal history category of VI. See Resentencing Report. Spencer requests a 120-month sentence. See id.; [D.E. 46] 1.

The court has discretion to reduce Spencer's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Spencer's sentence, the court finds that Spencer engaged in serious criminal behavior. See PSR ¶¶ 4–9. The conspiracy took place for approximately one year and involved approximately 77.76 grams of cocaine base (crack) and 1.04 kilograms of cocaine. See id. Spencer also has a prior conviction for breaking and entering, reckless driving to endanger, fleeing to elude arrest with a motor vehicle, possession of cocaine, resisting a public officer, trafficking in cocaine, and escape. See id. ¶¶ 11–19. Finally, Spencer has taken some positive steps while incarcerated on his federal sentence, but did sustain disciplinary infractions for possessing alcohol and interfering with count and destroying property. See Resentencing Report; [D.E. 46] 5–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Spencer received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Spencer's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. §

1B1.10, cmt. n.1(B)(ii). Thus, the court denies Spencer's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Spencer's corrected motion for reduction of sentence [D.E. 44].

SO ORDERED. This 16 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge